## M. OANPELT v. BLOUNT HODGE.

Attachment—Grounds for—Bill of Sale—Fraudulent Intent to Prefer Creditors

M. Oanpelt, having agreed to mortgage certain property to Hodge, his creditor, as collateral security, shortly thereafter by bill of sale, transferred all his property to one Kuglar, but possession not actually having been delivered. This was done in seeming contemplation of the removal from the State of said Oanpelt before the expiration of his lease from Hodge. Held to be sufficient to sustain an attachment by the creditor, Hodge.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

April 26, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the decision of this case depends on a multitude of facts respecting which the testimony is apparently conflicting, a detail and analysis of the evidence are deemed useless in this opinion.

We shall therefore content ourselves with the following judicial conclusions:

1. The bill of sale to Kuglar was intended to protect the property ostensibly transferred by it from the appellee's demand.

2. That bill of sale being made after the agreement to mortgage the sale property to the appellee as collateral security, and the possession moreover being inconsistently retained by Oanpelt, must be deemed fraudulent as against the appellee.

3. The evidence authorized the deduction that the Oanpelts secretly contemplated a removal from the State before the expiration of the lease, and were selling property and trying to borrow money preparatory to that removal and for evading the payment of the debt to the appellee and, without payment, thus avoiding all liability on the lease.

Wherefore this court adjudges, as the circuit court did, that the attachment was sustained by the proof. And consequently the judgment is affirmed.

*Husbands, Bush & Bush, Lindsey, for appellant.*

*Bennett, for appellee.*